## Campbell *against* Rishaberger.

Where the special bail of a defendant, in a suit before a justice, with a view to discharge his liability, obtains a transcript from the justice's docket, which he *bona fide* considers and employs as sufficient authority in arresting and committing the defendant, although the recognizance of bail, in the form in which it was taken, was void, the transcript was, nevertheless, such a colour of authority as would not aggravate the damages in a suit afterwards brought against him by such defendant for an assault and battery and for false imprisonment.

ERROR to the common pleas of *Butler* county.

Henry Rishaberger, the defendant in error, was the plaintiff below, and brought this action against John Campbell, John Miller and Benjamin Berry, the plaintiffs in error, to recover damages for an assault and battery committed on him, and for false imprisonment. The evidence fully established that he was dragged to gaol by the defendants, under circumstances of more than ordinary rigour and violence.  The defendants contended that they were justified, and gave in evidence the transcript of a judgment for 82 dollars 27½ cents, and proceedings thereon, from the docket of Robert Scott, a justice of the peace, in which John David's executor was plaintiff, and Henry Rishaberger was defendant, which did not contain the recognizance of Campbell as special bail, but merely the following entry: "Jacob Brinker exonerated from special bail, and John Campbell special bail, February 27th, 1830."  This transcript Campbell had with him as his authority for arresting and committing the plaintiff below to prison.

The jury rendered a verdict of 60 dollars damages in favour of the plaintiff.

The following error was assigned:

The court erred, under the circumstances of the case, in charging the jury that the defendants are in a worse situation than if they had, without the colour of legal authority, went to the house of Rishaberger and dragged him on the streets to jail.

*Evans* and *S. A. Gilmore*, for plaintiffs in error.

The arrest was made *bona fide* under a colour of authority; and although it may have been insufficient, it was very different from

[Campbell v. Rishaberger.]

pretending an authority. The court should have instructed the jury, as matter of law, that the transcript was a colour of authority which should go in mitigation of damages, which is a proper subject of exposition by the court.

*Ayres*, for defendant in error.

The court left it to the jury to determine the amount of damages, and merely said that if Campbell acted under a pretended authority, it was worse than none. The damages found by the jury were small, however, in comparison with the gross outrage committed in the arrest and imprisonment of the plaintiff below.

The opinion of the Court was delivered by

Rogers, J.—Had the defendant, Campbell, acted under a simulated or pretended authority, the charge would be liable to no objection. But although the recognizance of bail was void, as was decided in Williams *v.* Mitchell, 1 *Penns. Rep.* 9, yet there was no evidence that Campbell was aware of the defect. He acted under what he supposed, although erroneously, to be a good process, with the single interest, so far as it appeared, to exonerate himself from his liability as special bail. I have never understood that in such a case a defendant was in a worse situation than if he had, without the colour of legal authority, gone into the house of the plaintiff and dragged him to gaol. The principle is correctly stated by the court, but the error consists in its misapplication to the facts of the case. A doubt was expressed whether this was error which this court could notice, but upon reflection we think that the court gave the jury a false measure or criterion of damages, to the manifest injury of the defendant, which it is the duty of this court to correct.

Judgment reversed, and a *venire de novo* awarded.